IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv575

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Ex rel. [Under Seal], | ) | |
| | ) | |
| Plaintiff-Relator, | ) | |
| | ) | SEALED |
| Vs. | ) | ORDER |
| | ) | |
| [Under Seal], | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on plaintiff-relator's Motion to File All Cases Matters [Materials] Under Seal. A party who seeks to seal any pleading must comply with Local Civil Rule 6.1 (W.D.N.C. 2009). The Local Civil Rule provides in relevant part as follows:

> **LCvR 6.1     SEALED FILINGS AND PUBLIC ACCESS.**
> **(A)** *Scope of Rule*.  This rule shall govern any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making.  As used in this rule, "materials" shall include pleadings as well as documents of any nature and in any medium.
> **(B)** *Filing Under Seal.*  No materials may be filed under seal except by Order of the Court, pursuant to a statute, or in accordance with a previously entered Rule 26(e) Protective Order.
> **(C)** *Motion to Seal or Otherwise Restrict Public Access*. A request by a party to file materials under seal shall be made by formal motion pursuant to LCvR 7.1.  Such motion shall be filed electronically under the designation "Motion to Seal." The motion or supporting brief shall

-1-

set forth:
> **(1)** a non-confidential description of the material sought to be sealed;
> **(2)** a statement as to why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and
> **(4)** supporting statutes, case law or other authority.
>
> \* \* \*
>
> **(E)** *Public Notice.* No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice shall be deemed reasonable where a motion is filed in accordance with the provisions of LCvR 6.1(C). Other parties, interveners, and non-parties may file objections and briefs in opposition or support of the motion within the time provided by LCvR 7.1 and may move to intervene under Fed. R. Civ. P. 24.
>
> **(F)** *Orders Sealing Documents.* Orders sealing or otherwise restricting access shall reflect consideration of the factors set forth in LCvR 6.1(C). In the discretion of the Court, such orders may be filed electronically or conventionally and may be redacted.
>
> \* \* \*

L.Cv.R. 6.1(W.D.N.C. 2008). In this case, plaintiff-relator has cited the court to 31 U.S.C. § 3730(b)(2), which provides for protection from exposure to defendants and the public of the existence of this False Claims Act *qui tam* action. Having considered plaintiff-relator's motion and reviewed the pleadings, and it appearing that then statutory authority satisfies all requirements of Local Civil Rule 6.1 as well as the requirements of Media General Operations, Inc. v. Buchanan, 417 F.3d 424 (4th Cir. 2005), the court enters the following Order.

# ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff-relator's Motion to File All Cases Matters [Materials] Under Seal (#2) is **GRANTED,** and pending further order of this court, this action is **SEALED**, the existence of such case shall in no manner be publicly disclosed, and plaintiff-relator is **GRANTED** leave to file all further materials *in camera*, *ex parte,* and/or under seal without seeking further leave of court, all in accordance with 31 U.S.C. § 3730(b)(2).

Signed: November 18, 2010

Dennis L. Howell
United States Magistrate Judge

SEALED DOCUMENT with access to Specified Parties/Plaintiff