IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv575

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Ex rel. [Under Seal], | ) | |
| | ) | |
|        Plaintiff-Relator, | ) | |
| | ) | **SEALED** |
| Vs. | ) | **ORDER** |
| | ) | |
| [Under Seal], | ) | |
| | ) | |
|        Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on the United States'[1] third Motion to Partially Unseal Case (#21). In accordance with 31, United States Code, Section 3703(b)(3), the government has shown that it needs leave to disclose the Complaint, disclosure statement, and any other relevant documents[2] at "the government's discretion and at the government's discretion as to timing." Motion (#21), at 1. Lifting of the seal in *qui tam* actions is governed by 31 U.S.C. § 3730(b)(3), which

---

[1] The government has made such motion on behalf of a number of states and the District of Columbia.

[2] The inconsistency in the government's previous motion and supporting memorandum has recurred in the instant motion and brief despite the court pointing it out in the previous Order and requesting that it be corrected. While the relief will be granted so that the investigation may continue, Mr. Caldwell will contact the undersigned and personally explain why he failed to either correct such error as directed or note how the court erred in its reading of such earlier pleadings before making such subsequent filing containing the same inconsistency.

provides as follows:

> The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2). Any such motions may be supported by affidavits or other submissions in camera. The defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.

31 U.S.C. 3730(b)(3). Despite the lack of explicit language as to *lifting* the seal, other courts have found that this provision "clearly contemplates the lifting of the seal on relator complaints once the Government has elected to intervene." U.S. ex rel. Lee v. Horizon West, Inc., 2006 WL 305966, *2 (N.D.Cal. Feb. 6, 2006). For cause, the government states:

> The United States seeks a partial lifting of the seal so that it may disclose the sealed complaint in the captioned action, any amended complaints, or a subset of information contained therein to the defendants, at the government's discretion. The goal of this request to unseal is to facilitate settlement discussions among the government and the various defendants.

Memorandum in Support (#21-1), at 3. The government reflects that the relator consents. Id. The court finds that good cause has been shown for the proposed partial lifting of the seal in the manner requested as alternative resolution of disputes is clearly contemplated and encouraged by the Board of Judges as reflected in Local Civil Rules 16.2 and 16.3. Inasmuch as the seal is primarily in place to further effective investigation of the claims by the government, U.S. ex rel. Mikes v. Straus, 846

F.Supp. 21, 22 (S.D.N.Y. Mar. 15, 1994),[3] allowing the government to disclose such materials in its discretion during the course of its investigation or negotiations would further the investigation, lead to the efficient administration of justice, and adequately protect such materials from improper disclosure. The government having shown good cause, and that the plaintiff-relator has consented to the relief sought, the request will be allowed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the United States' Motion to Partially Unseal Case (#21) is **GRANTED,** and the government, on behalf of the specified states and the District of Columbia on whose behalf it has brought the motion, is **GRANTED** leave to  to disclose the Complaint, disclosure statement, and any other relevant documents, whether or not such documents are sealed, at the government's discretion.

**IT IS FURTHER ORDERED** that Mr. Caldwell contact the court as directed in footnote two.

---

[3] "The *Qui Tam* statute permits a party discovering fraud against the United States as defined in 31 U.S.C. § 3729 to bring the matter to the attention of the Attorney General, who may pursue a suit for the benefit of the United States . . . ." U.S. ex rel. Mikes, 846 F.Supp. at 22.

Signed: March 3, 2011

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge

SEALED DOCUMENT with access to Specified Parties/Plaintiff