UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-575-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA, the ) <br> States of CALIFORNIA, DELAWARE, ) <br> FLORIDA, HAWAII, ILLINOIS, ) <br> INDIANA, MASSACHUSETTS, ) <br> MINNESOTA, MONTANA, NEVADA, ) <br> NEW HAMPSHIRE, NEW JERSEY, ) <br> NEW MEXICO, NEW YORK, ) <br> NORTH CAROLINA, ) <br> RHODE ISLAND, VIRGINIA, ) <br> the DISTRICT OF COLUMBIA, ) <br> the CITY of CHICAGO, and ) <br> the CITY of NEW YORK, ) <br> ex rel. Lynn E. Szymoniak, ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) | **ORDER** |
| v. ) <br> ) <br> ACE SECURITIES CORPORATION; ) <br> ALLY FINANCIAL INC. f/k/a GMAC INC.; ) <br> AURORA LOAN SERVICES LLC; ) <br> BANK OF AMERICA as successor-in-interest to ) <br> COUNTRYWIDE FINANCIAL ) <br> CORPORATION; ) <br> BAC HOME LOANS SERVICING, LLP; ) <br> BANC OF AMERICA MORTGAGE ) <br> SECURITIES, INC.; ) <br> BAYVIEW LOAN SERVICING LLC; ) <br> CALIFORNIA RECONVEYANCE COMPANY;) <br> CARRINGTON MORTGAGE SERVICES; ) <br> CHASE HOME FINANCE; ) <br> CITIMORTGAGE INC f/k/a CITI ) <br> RESIDENTIAL LENDING, INC. f/k/a AMC ) <br> MORTGAGE SERVICES INC; ) <br> DOCX, LLC; ) <br> HOMEQ SERVICING CORPORATION d/b/a ) <br> BARCLAYS CAPITAL REAL ESTATE, INC.; ) <br> HSBC MORTGAGE SERVICES INC.; ) <br> LENDER PROCESSING SERVICES, INC.; ) | [FILED UNDER SEAL <br> PURSUANT TO <br> 31 U.S.C. § 3730(B)(2)] |

1

| | |
|---|---|
| **LITTON LOAN SERVICING;** | ) |
| **NATIONWIDE TITLE CLEARING;** | ) |
| **OCWEN LOAN SERVICING;** | ) |
| **ONEWEST BANK;** | ) |
| **ORION FINANCIAL GROUP;** | ) |
| **PROMMIS SOLUTIONS;** | ) |
| **SECURITIES CONNECTION, INC.;** | ) |
| **SELECT PORTFOLIO SERVICES, INC.;** | ) |
| **VERICREST FINANCIAL INC.;** | ) |
| **WELLS FARGO HOME MORTGAGE d/b/a** | ) |
| **AMERICA'S SERVICING COMPANY;** | ) |
| **JOHN DOES CORPORATIONS 1** | ) |
| **THROUGH 100;** | ) |
| **All whose true names are unknown** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

**THIS MATTER** comes before the Court upon the Relator's Motion to Transfer this Case to the District of South Carolina. (Doc. No. 55). The United States consents to the Relator's Motion. <u>See</u> (Doc. No. 56 at 1). Defendants have not responded to the Relator's Motion, and the time for doing so has expired. FED. R. CIV. P. 12(a).

## I. BACKGROUND

The Relator moves to transfer this case to the District of South Carolina so that it may be heard with the related case <u>United States et al., ex rel. Szymoniak v. American Home Mortgage Servicing, Inc., et al.</u>, Civil No. 0:10-cv-1465-JFA (D.S.C.) (J. Anderson). The Complaint in the present action was filed on November 12, 2010, (Doc. No. 1), and the complaint in the related South Carolina action was filed approximately five months earlier, on June 4, 2010.[1] Defendants Wells Fargo Home Mortgage and the Bank of America Corporation are defendants in both the

---

[1] The Relator states that approximately "a year and a half before bringing this action, on May 31, 2012, Relator filed a False Claims Act *qui tam* complaint alleging claims identical to those asserted here, against fifteen defendants, in the District of South Carolina." (Doc. No. 56 at 2). The Court is unsure to what the Relator is referring, as the related South Carolina case was filed on June 4, 2010.

2

South Carolina action and the present case. (Id.). The remaining defendants in South Carolina are not before the Court in the present case. (Id.). The Relator states that although many of the defendants in the two cases are different, legal and factual issues will overlap. (Id. at 3). In both cases, the Relator alleges that when defendants formed Residential Mortgage Backed Securities ("RMBS"), they failed to prepare or obtain mortgage assignments or note endorsements, and that defendants charged improper costs to trusts, falsified documents, misrepresented corporate authority, forged signatures, and impaired the value of the collateral in trusts. (Id. at 2). The Relator asserts claims in both cases under the Federal False Claims Act, 31 U.S.C. § 3729 et seq., and under the false claims acts of seventeen states and three municipalities, against defendants that served as trustees, servicers and depositors in connection with RMBS. (Id. at 3). Therefore, the Relator argues, judicial efficiency and savings in the time and effort for all involved will be achieved by consolidating the two cases. (Id. at 3).

## II.    STANDARD OF REVIEW

When a lawsuit is filed in multiple forums, the Fourth Circuit generally adheres to the "first-filed" rule, which holds that "the first suit should have priority, absent the showing of [a] balance of convenience in favor of the second action." Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 594-95 (4th Cir. 2004) (quoting Ellicott Mach. Corp. v. Modern Welding Co., Inc., 502 F.2d 178, 180 n.2 (4th Cir. 1974)); accord Learning Network, Inc. v. Discovery Commc'ns, Inc., 11 F. App'x 297, 300 (4th Cir. June 7, 2001) (unpublished). Multiple lawsuits are subject to the first-filed rule if "the same factual issues" provide the basis for each suit. Allied-Gen. Nuclear Serv's v. Commonwealth Edison Co., 675 F.2d 610, 611 n.1 (4th Cir. 1982). Courts applying the first-filed rule will dismiss, stay, or transfer a later-filed lawsuit in deference to the earlier-filed action. See id. (citing Carbide & Carbon Chem. Corp. v.

U.S. Indus. Chems., Inc., 140 F.2d 47, 49 (4th Cir.1944)) (the earlier-filed lawsuit must proceed "to the exclusion of" subsequently-filed lawsuits); see also Quesenberry v. Volvo Group N. Am., Inc., No. 1:09cv22, 2009 WL 648658, at *2-3 (W.D. Va. March 10, 2009) ("[T]he "first-to-file" rule supports dismissing, staying or transferring [an] action . . . ."); Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003) ("Where the same parties have filed similar litigation in separate federal fora . . . the later-filed action should be stayed, transferred, or enjoined."). However, application of the rule is discretionary, not mandatory. Nutrition & Fitness, 264 F. Supp. 2d at 361. As the Fourth Circuit has stated, "this Circuit has no unyielding 'first-to-file' rule." CACI Intern., Inc. v. Pentagen Technologies Int'l., 1995 WL 679952, 6 (4th Cir. 1995) (unpublished).

### III.   DISCUSSION

In determining whether to apply the first-filed rule, courts have recognized three factors: 1) the chronology of the filings, 2) the similarity of the parties involved, and 3) the similarity of the issues at stake. E.g., Nutrition & Fitness, 264 F. Supp. 2d at 360; Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991); Plating Resources Inc. v. UTI Corp., 47 F. Supp. 2d 899 at 903 (N.D. Ohio 1999). Applying these factors here favors application of the rule.

The South Carolina action, filed on June 4, 2010, was the first-filed lawsuit. See United States et al., ex rel. Szymoniak v. American Home Mortgage Servicing, Inc., et al., Civil No. 0:10-cv-1465-JFA (D.S.C.). The instant action was filed five months later on November 12, 2010. See (Doc. No. 1). Regarding the second factor, this action and the South Carolina action involve some of the same parties. In each case the Plaintiff is the United States and the Relator is Florida attorney Lynn Szymoniak. Wells Fargo Home Mortgage and the Bank of America

4

Corporation are defendants in both the South Carolina action and the present case.  The remaining defendants in the two cases are different, although all are allegedly either (i) trustees that controlled the mortgage-backed securities trusts whose assets consisted of pools of residential mortgages in North and South Carolina and throughout the United States, or (ii) the mortgage servicing companies that managed the day-to-day operations of the payment processing and foreclosure proceedings at the direction of the trustee banks.  The Court finds that the parties in the two actions are substantially similar.

The third and final factor is the similarity of the issues at stake.  In both cases, the Relator alleges that when defendants formed Residential Mortgage Backed Securities, they failed to prepare or obtain mortgage assignments or note endorsements, and that defendants charged improper costs to trusts, falsified documents, misrepresented corporate authority, forged signatures, and impaired the value of the collateral in trusts.  The Relator asserts claims in both cases under the Federal False Claims Act, 31 U.S.C. § 3729 et seq., against defendants that served as trustees, servicers and depositors in connection with RMBS.  In the present action, the Relator also asserts claims under the false claims acts of seventeen states and three municipalities.  Thus, both actions involve the same ongoing dispute between similar parties, both seek relief under the Federal False Claims Act, and both will rely on some of the same evidence.  The Court finds that the three factors strongly favor transfer.

## IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Relator's Motion to Transfer this Case to the District of South Carolina, (Doc. No. 55), is **GRANTED** and this case is **TRANSFERRED** to the United States District Court for the District of South Carolina.

Signed: February 6, 2013

Robert J. Conrad, Jr.
Chief United States District Judge

SEALED DOCUMENT with access to All Parties/Defendants.